IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01307-RBJ

TAMMY W. PARKS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

## ORDER

This matter is before the Court on plaintiff Tammy Parks' Opposed Motion for Attorney Fees Under EAJA [ECF No. 18]. For the following reasons, the motion is denied.

## FACTS

Ms. Parks applied for social security disability benefits on March 27, 2009 claiming that she had been disabled as of March 24, 2008 due to fibromyalgia, hypertension, bi-polar disorder, and arthritis. Ms. Parks' application for benefits was initially denied on May 28, 2009. In response, Ms. Parks requested a hearing before an Administrative Law Judge ("ALJ"). After holding a hearing on June 24, 2011, the ALJ issued an unfavorable decision denying Ms. Parks social security benefits. The Appeals Council denied her request for review on January 18, 2013, and Ms. Parks filed a timely appeal to this Court on May 17, 2013.

In her appeal, Ms. Parks argued that (1) the ALJ failed to consider her obesity at step three, (2) the ALJ did not consider her obesity in his RFC assessment, (3) the ALJ improperly rejected her treating physician's fibromyalgia diagnosis, (4) the ALJ's RFC determination did

not consider the combined impact of all of her impairments, (5) the ALJ failed to consider the claimant's work history and motivation to work, (6) the ALJ's assessment of Ms. Parks' credibility was not supported by substantial evidence, (7) the ALJ's credibility analysis improperly considered Ms. Parks' daily activities, (8) the ALJ did not follow the applicable legal standards in analyzing the claimant's alleged pain, and (9) the ALJ's step-five analysis was flawed because the vocational expert ("VE") did not consider all of the claimant's impairments.

The Court found little merit with respect to most of these objections but ultimately reversed on one narrow ground, specifically that the ALJ had failed to explicitly consider Ms. Parks' depression when conducting his RFC assessment. (The step-five analysis was ultimately flawed as a result, as it followed from the RFC assessment.) With respect to two contentions – that the ALJ failed to consider Ms. Parks' obesity at step three and that the ALJ did not follow the correct legal standards in rejecting Ms. Parks' fibromyalgia diagnosis – the Court concluded that the errors were likely harmless. However, because the Court remanded the decision on other grounds, the ALJ was instructed to reanalyze these questions as well. These two alleged errors, however, did not form a basis for the Court's ultimate decision to reverse and remand.

## ANALYSIS

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show (1) that he was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, the plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[1] *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). In its March 9, 2015 Order this Court reversed the decision of the Commissioner to deny Ms. Parks benefits and remanded the case to the Commissioner for additional review. Thus, Ms. Parks was the prevailing party. The government has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong: whether the government's position was substantially justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett*, 475 F.3d at 1170. In litigation following an administrative proceeding, the government's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position. *Id.* at 1174. In the Tenth Circuit "substantially justified" means that the government's position had a reasonable basis in both law and fact. *Veltman v. Astrue*, 261 F. App'x 83, 85 (10th Cir. 2008) (unpublished). The government's position is not justified if its position is considered unreasonable "as a whole." *Hackett*, 475 F.3d at 1175. However, "[t]he mere fact that there was error in the ALJ's decision does not make the agency's position unreasonable. An agency's position can be justified even though it is not correct." *Veltman*, 261 F. App'x at 86.

The Commissioner maintains that her position was substantially justified with respect to the case as a whole as well as to the only ground warranting reversal. The Court agrees. Focusing on the latter, the ALJ thoroughly discussed Ms. Parks' depression during his step three analysis even if he failed to explicitly incorporate that discussion into Ms. Parks' RFC

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

assessment. And, as the government pointed out in its litigation brief, the two providers who treated Ms. Parks for depression found that her symptoms were not so severe as to limit her ability to function, including her ability to work. While the Court ultimately reversed and remanded the decision for a more explicit analysis of Ms. Parks' depression at the RFC stage, the record as a whole establishes that the ALJ genuinely considered Ms. Parks' depression when performing his overall assessment of her claim. As such, the Court finds that the government's position was substantially justified, and that the plaintiff is not entitled to fees under the EAJA.

## ORDER

For the foregoing reasons, the Court finds that the government's position was substantially justified both at the agency level and in litigation. Plaintiff's Opposed Motion for Attorney Fees Under EAJA [ECF No. 18] is therefore DENIED.

DATED this 2nd day of June, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge